**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PAMELA McCARTY AND NICK McCARTY,** | § § § | |
| *Plaintiffs,* | § § | |
| | § | **Civil Action No. _____** |
| **V.** | § § | |
| | § | |
| **HILLSTONE RESTAURANT GROUP d/b/a HOUSTON'S RESTAURANT AND RYAN BEARD,** | § § § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Hillstone Restaurant Group ("Hillstone") and Ryan Beard hereby file this Notice of Removal pursuant to 28 U.S.C. Sections 1332(a), 1441, and 1446. In support of this Notice, Defendant state as follows:

### I. Introduction & Facts

1.     Plaintiffs are Pamela McCarty and Nick McCarty.

2.     Defendants are Hillstone Restaurant Group ("Hillstone") and Ryan Beard ("Beard") (collectively, "Defendants"). Defendant Hillstone is a corporation formed under the laws of the state of Delaware with its principal place of business in Atlanta, Georgia. Defendant Ryan Beard is a citizen of Texas.

3.     Plaintiffs filed this action on December 1, 2014, in the One Hundredth and Ninety First (191st) Judicial District Court of Dallas County, Texas (the "State Court Action").

4.     Plaintiffs served the Defendants on January 26, 2015.

5.      Plaintiffs allege that Pamela McCarty had a slip and fall accident while on the premises of a restaurant located in Addison, Texas (the "Restaurant") owned and operated by Hillstone. (*See* Pls.' Orig. Pet. at ¶ 4.03.) Plaintiffs allege that Defendant Beard was the general manager of the Restaurant at the time of the accident. (*See* Pls.' Orig. Pet. at ¶ 4.03.)

6.      Plaintiffs sued both Hillstone and Beard for negligence. (*See* Pls.' Orig. Pet. at ¶¶ 5.01-5.03.)

## II.      This Notice is Timely and Filed in the Proper Venue

7.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

8.      The removal of this action to this Court is timely. Defendants were served with Plaintiffs' Original Petition on January 26, 2015. Defendants have not appeared in the State Court Action, and the time within which Defendants are required to file this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired.

## III.      Grounds for Removal: Diversity Jurisdiction

**A.      The amount in controversy is in excess of the jurisdictional limit.**

9.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is in excess of $75,000 exclusive of interests and costs. Plaintiffs have affirmatively pled that they seek damages in excess of $100,000. (*See* Pls.' Orig. Pet. ¶ 3.04.)

**B.      There is complete diversity between Plaintiffs and Hillstone.**

10.      Plaintiffs are citizens of the State of Texas. (*See* Pls.' Orig. Pet. at ¶¶ 2.01-2.02.)

11.      Hillstone is a corporation formed under the laws of the state of Delaware with its principal place of business located in Atlanta, Georgia. A corporation is a citizen of its state of

incorporation and state where its principal place of business is located. 28 U.S.C. § 1332(c). Therefore, Hillstone is a citizen of both Delaware and Georgia for diversity purposes.

**C.      Ryan Beard was improperly joined.**

      *i.      Standard.*

12.      As explained in *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc), the Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In order to show that a plaintiff cannot establish a cause of action against a non-diverse party in state court, the removing party must demonstrate that there is no possibility of recovery by the plaintiff against the in-state defendant, which "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

13.      When predicting whether a plaintiff has a reasonable basis for recovery under state law, a court may resolve this issue in one of two ways. The court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the non-diverse defendant. *Smallwood*, 385 F.3d 573. If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, when a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

14.      Importantly, a claim of improper joinder *must* be directed toward the joinder of the in-state party and not to the merits of the complaint in its entirety. *Smallwood*, 385 F.3d at

574. A showing that the plaintiff's case is barred as to all defendants will not be sufficient to establish improper joinder. *Smallwood*, 385 F.3d at 575. When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than the in-state defendant alone, the requisite showing has not been made. *Smallwood*, 385 F.3d at 575.

15.     Finally, at least one court in the Northern District of Texas, Dallas Division has consistently held that when completing a Rule 12(b)(6) type analysis of a complaint in the context of a claim of improper joinder, the complaint must be analyzed under the Texas pleading standards and not the Federal pleading standard as articulated in *Twombly. See Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, 2013 WL 2149589, at *3 (N.D. Tex. 2013) (Fitzwater, CJ).

   *ii.     Plaintiffs have failed to stat a claim against Defendant Beard.*

         *a.     Though styled as a common negligence case, Plaintiffs have in fact alleged a premises case.*

16.     Plaintiffs allege that Pamela McCarty's slip and fall accident was caused by a "sticky and greasy" floor. (*See* Pls.' Orig. Pet. ¶ 4.04.)

17.     In Texas, negligent-activity claims and premises-defect claims are independent theories of recovery, and a finding of one will not suffice to create liability for the other. *Oncor Elec. Delivery Co., LLC v. Murillo*, Case No. 01-10-01123-CV, 2014 WL 5285845, at *7 (Tex. App.—Houston [1st Dist.] October 16, 2014, pet. filed). Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). As way of example, the Texas Supreme Court affirmed a trial court's

refusal to submit a common negligence jury instruction in a slip and fall case when the alleged "negligent-activity" was a Kroger employee "negligently conducting its plant spraying activity."[1] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The court explained that the Kroger employee sprayed the plants sometime prior to her 7:00 pm quiting time, and the Plaintiff slipped on the floor and fell at approximately 7:30 pm. *See id.* Hence, there was no ongoing activity when the plaintiff was injured.

18.     Here, the Plaintiffs lawsuit is premised on the allegation that the condition of the floor caused Ms. McCarty's slip and fall accident. Hence, Plaintiffs will be required to plead and prove a premises liability claim. The elements of a premises liability cause of action are as follows: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch,* 845 S.W.2d 262, 264-65 (Tex. 1992).

        *b.     General managers are not independently liable to plaintiffs in premises cases.*

19.     Here, Plaintiffs only allegation specifically regarding Defendant Beard was that he was the general manager of the Restaurant at the time of the accident. (*See* Pls.' Orig. Pet. at ¶ 4.03.)

20.     In *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005), the Texas Supreme Court revisited its holding in *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996). In *Leitch*, the Texas Supreme Court held that individual liability will only be imposed when an officer or agent of a corporation

---

[1] Seemingly, the allegation was that the plaintiff's slip and fall was caused by the slippery floor created by the spraying of the plants.

owes an independent duty of reasonable care to the injured party apart from the corporation's duty.

21.     In *Tri*, the Texas Supreme Court applied *Leitch* to a premises case. For the issue of improper joinder, this holding was pivotal because the 5th Circuit had previously refused to find improper joinder when a plaintiff sued Wal-Mart and one of its store managers alleging a premises liability claim. *See Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998) (unpublished). The Fifth Circuit reasoned that as *Leitch* was not a premises case, the court could not "say with full confidence that it [would] be applied outside of the employer-employee context." *See Valdes* at note 6.

22.     Since the Texas Supreme Court in *Tri* extended its holding in *Leitch* to premises cases, at least one judge in every Federal District Court in Texas has recognized the implied overruling of *Valdes* and found improper joinder when a plaintiff sues both a corporation and the general manager in a premises case. *See Solis v. Wal-Mart Stores E., L.P.,* 617 F.Supp.2d 476, 480 (S.D. Tex. 2008) ("After *Tri,* there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties."); *Bourne v. Wal–Mart Stores, Inc.,* 582 F.Supp.2d 828, 837 (E.D.Tex.2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *McKinney v. Home Depot, USA, Inc.,* 4:06–CV–0327–A, 2006 WL 2947324 (N.D.Tex. Oct.13, 2006) (same); *Allen v. Home Depot U.S.A.,* 2004 WL 2270001 (W.D.Tex.2004) (same).

### IV.     Additional Procedural Matters

23.     In their Original Petition filed in state court, Plaintiffs request a trial by jury.

24.     Upon filing this Notice of Removal, Defendants will promptly serve Plaintiffs with written notice of such removal and will file a Notice of Removal with the District Clerk of Dallas County, Texas.

25.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendants attach the following:

      i.    a copy of all executed process in this case; a copy of all pleadings that assert causes of action, all answers to such pleadings, and orders served upon the party removing the case to this court (*See* **Exhibit A**);

      ii.    a copy of the state court docket sheet (*See* **Exhibit B**); and

      iii.    a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and parties represented by him/her (*See* **Exhibit C**).

### V. Conclusion

26.     Because there is complete diversity between the Plaintiffs and the properly joined defendant and the amount in controversy exceeds $75,000, diversity jurisdiction exists and this Court has subject matter jurisdiction over all of Plaintiffs' claims.

Respectfully submitted,

/s/ Joseph A. Barbknecht
Joseph A. Barbknecht
SBN: 01718400
jab@barbknecht.com

David B. Urteago
SBN: 24079493
durteago@urteago.com

THE BARBKNECHT FIRM, P.C.
Atrium at Collin Ridge
500 Central Expressway, Suite 325
Plano, Texas 75074
(972) 312-1510
(972) 312-1511 facsimile

**ATTORNEYS FOR DEFENDANTS HILLSTONE RESTAURANT GROUP AND RYAN BEARD**

## CERTIFICATE OF SERVICE AND NOTICE OF FILING

I hereby certify that on February 13, 2015, this Notice of Removal was sent to the District Clerk of Dallas County, Texas and that written notice of filing of the Notice of Removal was served pursuant to the Federal Rules of Civil Procedure on the following:

Dalton D. Harris III
Laura Richards Sherry
THE HARRIS FIRM, P.C.
5050 West Lovers Lane
Dallas, Texas 75209
(214) 956-7474
(214) 956-7405 (Fax)
dalton@harrisfirmpc.com
laura@harrisfirmpc.com
**ATTORNEYS FOR PLAINTIFFS**

/s/ Joseph A. Barbknecht
Joseph A. Barbknecht