# EXHIBIT A

FELICIA PITRE
DISTRICT CLERK GEORGE ALLEN SR COURTS
105
600 COMMERCE ST
DALLAS, TX 75202-4689

**Return Receipt (Electronic)**

9214 8901 0661 5400 0048 7215 29

DC1413921 SA

RYAN BEARD
5318 BELT LINE RD
DALLAS, TX 75254-7606

················································································ CUT / FOLD HERE ································································

6'X9' ENVELOPE
CUT / FOLD HERE

················································································ CUT / FOLD HERE ································································

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
      **RYAN BEARD**
      **5318 BELT LINE RD**
      **DALLAS, TX 75254-7606**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PAMELA MCCARTY**

Filed in said Court **1st day of December, 2014** against

**HILLSTONE RESTAURANT GROUP   d/b/a HOUSTON S RESTAURANT**

For Suit, said suit being numbered <u>**DC-14-13921,**</u> the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of January, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

          By_____, Deputy
               SACHEEN ANTHONY

---

**CERT MAIL**

# CITATION

## DC-14-13921

**PAMELA MCCARTY, et al**
vs.
**HILLSTONE RESTAURANT GROU**
d/b/a HOUSTON S RESTAURANT,
al

ISSUED THIS
**22nd day of January, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
LAURA R SHERRY
THE HARRIS FIRM PC
5050 WEST LOVERS LANE
DALLAS TX 75209
214-956-7474

1 CIT ESERVE

FILED
DALLAS COUNTY
12/1/2014 12:57:39 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO:    DC-14-13921            Sacheen Anthony

| | | |
|---|---|---|
| PAMELA McCARTY, AND NICK McCARTY<br>    Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | 191ST   JUDICIAL DISTRICT |
| HILLSTONE RESTAURANT GROUP d/b/a HOUSTON'S RESTAURANT AND RYAN BEARD,<br>    Defendants. | § § § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, PAMELA McCARTY, and her husband, NICK McCARTY, Plaintiffs, and hereby file this, their Original Petition against Defendants HILLSTONE RESTAURANT GROUP, INC. D/B/A HOUSTON'S RESTAURANT and RYAN BEARD and would show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.01   This case is filed under discovery control plan level 3 and moves the court to enter a Docket Control Order.

### II.
### PARTIES

2.01   Plaintiff, Pamela McCarty, is an individual residing in McKinney, Collin County, Texas.

2.02   Plaintiff, Nick McCarty, is an individual residing in McKinney, Collin County, Texas.

2.03    Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant is a Delaware corporation, doing business in the State of Texas, and may be served with process by and through its registered agent as follows:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201

2.03    Defendant Ryan Beard is a Texas resident and may be served with process by serving him at his principal place of business as follows:

> Ryan Beard
> 5318 Belt Line Road
> Dallas, Texas  75254

### III.
### VENUE AND JURISDICTION

3.01    Subject matter jurisdiction is properly vested in this Court.

3.02    This Court also has personal jurisdiction, both general and specific, over Defendants.  Defendants have purposefully availed themselves of the privileges and benefits of conducting business in Texas, have entered into contracts with Texas residents relating to the transactions at issue in this case, have engaged in substantial business transactions with Texas residents and as such, are subject to personal jurisdiction in this State.

3.03    Neither Mrs. McCarty nor Mr. McCarty is making a claim or cause of action which pertains to a federal question.

3.04    Pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code, venue is proper in Dallas County, Texas as all or a substantial part of the events giving rise to Plaintiffs' claim occurred in Dallas County, Texas.  The amount in controversy exceeds the minimum jurisdictional limits of this Court. As required by Rule 47( c), Texas Rules of Civil Procedure,

Plaintiffs' counsel states that Plaintiffs seek monetary relief in excess of $100,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

## IV.
## BACKGROUND FACTS

4.01    In an unrelated accident in August of 2013, Mrs. McCarty fell from a ladder while at a friend's house in California.  She fell approximately fifteen feet onto a large ceramic pot.  Her heel was literally shattered.  The surgery to repair the injury was painstaking and lengthy–a great deal of hardware was installed.  This was the first of many hospitalizations.  Initially, it was thought that her recovery would be a few months, at the most, but relatively soon after the first surgery, doctors informed Mrs. McCarty that she had an infection.  The surgeons and hospital staff were reluctant to treat her for any length of time; instead, they sent her back to Texas.  As one might imagine, trying to find a doctor to deal with this situation became a traumatizing endeavor of its own.  Mrs. McCarty had so much hardware in her heel that no doctor wanted to assume treatment of her.  She went to Parkland and was rejected.  She went to other hospitals, but got nothing but the run-around.  Eventually, Mrs. McCarty was seen and began treatment at Baylor Plano with infectious diseases doctors and orthopedic surgeons.  Decisions were being made to remove the hardware once the bones had healed enough to, one hoped, hold the heel together.

4.02    Shortly after one of the hospital stays relating to her heel, on February 16, 2014, Mrs. McCarty and her husband went to dinner at Houston's Restaurant ("Houston's") with another married couple.  Since her accident in August, 2013, Mrs. McCarty rarely went out to public places because her physical limitations controlled everything she did.  However, to celebrate her birthday, Mrs. McCarty ventured to Houston's with her husband and friends.  On the night of the accident, Mrs. McCarty was on crutches.

4.03    Defendant Ryan Beard was the general manager during relevant times pertaining to this accident.

4.03    At some point after dinner, Mrs. McCarty needed to visit the restroom. On her way to the bathroom, Mrs. McCarty was making her way past the kitchen when one of her crutches slipped on the tile causing her to fall.

4.04    The tile floor outside the kitchen, which one must traverse in order to get to the bathroom, was sticky and greasy and caused Mrs. McCarty's crutch to slip from underneath her. Mrs. McCarty fell hard on her left side, which was the same side as her bad foot. After her fall, Mrs. McCarty was physically contorted and could not move. She was in excruciating pain.

4.05    Someone called EMS and they transported her to Baylor Plano. She had a broken hip and underwent emergency surgery to repair her dislocated broken femur. Mrs. McCarty has incurred medical bills relating to the hip injury, her surgery and rehabilitation, to the extent she was able to undergo rehabilitation efforts. Mrs. McCarty could not properly or fully rehabilitate her broken hip because of her injured foot.

4.06    As one can likely surmise, this hip injury and the ensuing recovery was not without its issues. The months following the hip surgery were just as bad as the months following her foot injury, if not worse. The doctors became extremely concerned about the existence of new hardware (from the broken hip) in Pamela's body. They were and continue to be extremely concerned that the infection will migrate to this new foreign material in her body. As a result, the doctors chose to accelerate the removal of the hardware from Mrs. McCarty's heel. By this time, the doctors felt that the bones in her heel may have recovered adequately to allow the removal of the hardware without losing the structural integrity of the foot/heal. The doctors made this decision because of the fear that if the infection moved to the hip, they would have to remove the hardware

from the hip and Mrs. McCarty would, effectively, have to be in traction for any number of months while the doctors treated her infection.

4.07    The hardware was removed from Mrs. McCarty's foot but the infection has persisted. Mrs. McCarty has undergone several surgeries, including a series of surgeries for skin grafts. Mrs. McCarty still has an open wound on the side of her heel (the site of the infection) and remains exposed to the infection migrating to her hip. In addition, she has still not been able to properly rehabilitate the hip. As a result, Mrs. McCarty has suffered atrophy of her left leg and she has an unbelievably diminished quality of life, including but not limited to lack of mobility.

4.08    Mrs. McCarty's fall at Houston's caused serious bodily injury, requiring that she seek significant and continuing medical care.

4.09    Mrs. McCarty is unable to perform household services and to administer to the needs of Mr. MCCarty and their family. Further, her injury has led to loss of consortium in Mr. and Mrs. McCarty's marriage.

4.10    Mr. and Mrs. McCarty bring this action against Defendants to recover for the damages set forth below which resulted from the wrongful actions of Defendants in allowing patrons to traverse such an unsafe area due to the Defendants' neglect of properly maintaining the condition of the floor or ensuring that their employees cleaned the floor after each and every spill. Defendants' failure to take adequate measures to ensure a safe area for patrons to traverse on their way to the restroom was the proximate cause of Mrs. McCarty's injuries and damages described below. The actions of Defendants in creating this dangerous condition presented an unreasonable risk of harm. Unfortunately, it was Mr. and Mrs. McCarty who was affected by Defendants' conduct.

## V.
## CAUSES OF ACTION

**NEGLIGENCE**

5.01    Mrs. McCarty re-alleges and incorporates all of the allegations in the proceeding paragraphs as if fully set forth herein.

5.02    Mrs. McCarty would show that, based on the above described facts, Defendants are liable for their negligent acts, and that the above-described actions constitute negligence in at least the following respects:

      a.      Failing to provide a safe area to get to the restaurant's bathroom;

      b.      Failing to properly maintain the work area outside of the kitchen;

      c.      Failing to properly train and supervise employees charged with maintaining the work area outside of the kitchen;

      d.      Failing to properly warn individuals of the dangerous condition created by the Defendants and their employees;

      e.      Failing to place proper warning signs such as "slippery when wet" on or around the work area outside of the kitchen;

      f.      Failing to properly safe guard individuals from the dangerous condition presented by Defendants and their employees.

5.03    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiffs' injuries and damages which are described below.

## VI.
## DAMAGES

6.01    As a direct and proximate result of the Defendants' negligence, Mrs. McCarty would show that she has suffered actual damages within the jurisdictional limits of this Court, which elements of said damages are as follows:

a.   Past and future medical bills and other related costs;

b.   Past and future physical pain and suffering;

c.   Past and future mental and emotional pain and anguish;

d.   Past and future physical impairment;

e.   Past and future loss of enjoyment of life;

f.   Aggravation of pre-existing condition

f.   Costs of Court; and

g.   Prejudgment and Post-judgment interest,

h.   Loss of consortium in the past and future for Nick McCarty.

## VII.
## JURY DEMAND

7.01   In accordance with Texas Rules of Civil Procedure 216, Mrs. McCarty hereby demands a trial by jury.  A jury fee is being paid simultaneously with the filing of this case.

## VIII.
## REQUEST FOR DISCLOSURES

8.01   Mrs. McCarty hereby makes a request for full disclosure in compliance with Rule 194.2 of the Texas Rules of Civil Procedure.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Pamela and Nick McCarty, Plaintiffs, requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.   Judgment against Defendants for a sum within the jurisdictional limits of the Court;

2.   An award for actual and additional damages against Defendants in a sum determined by the trier of fact;

**PLAINTIFFS' ORIGINAL PETITION**                                                      **PAGE 7**

3.   Prejudgment and post-judgment interest as provided by law;

4.   Post-judgment interest as provided by law;

5.   Costs of suit; and

6.   Such other and further relief, both general and special, at law or in equity, to which

Mrs. McCarty and Mr. McCarty may show themselves justly entitled.

> Respectfully submitted,
>
> THE HARRIS FIRM, P.C.
>
> By:  /s/ Laura Richards Sherry
>       Dalton D. Harris III
>       State Bar No. 09056775
>       Laura Richards Sherry
>       State Bar No. 24056203
>       THE HARRIS FIRM, P.C.
>       5050 West Lovers Lane
>       Dallas, Texas 75209
>       Telephone:  (214) 956-7474
>       Telecopier:  (214) 956-7405
>       dalton@harrisfirmpc.com
>       laura@harrisfirmpc.com
>       **ATTORNEYS FOR PLAINTIFFS**