IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA MCCARTY AND NICK MCCARTY, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-518-L** |
| | § | |
| HILLSTONE RESTAURANT GROUP d/b/a HOUSTON'S RESTAURANT AND RYAN BEARD, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand (Doc. 11), filed March 13, 2015; and Defendant Ryan Beard's Rule 12(b)(6) Motion to Dismiss (Doc. 4), filed February 13, 2015. After careful consideration of the motions, pleadings, and applicable law, the court **denies** Plaintiffs' Motion to Remand, **grants** Defendant Ryan Beard's Rule 12(b)(6) Motion to Dismiss, and **allows** Plaintiffs an opportunity to amend their pleadings.

## I.      Procedural and Factual Background

On December 1, 2014, Plaintiffs Pamela McCarty ("Mrs. McCarty") and Nick McCarty (Mr. McCarty") (collectively, "Plaintiffs") filed their Original Petition (Doc. 1) in the 191st Judicial District of Dallas County, Texas. On February 13, 2015, Defendants Hillstone Restaurant Group ("Hillstone") and Ryan Beard ("Beard") (collectively, "Defendants") removed this action to federal court on grounds that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Hillstone is a citizen of Delaware.

Although Plaintiffs and Beard are citizens of Texas, Defendants contend that the court should disregard Beard's citizenship in determining diversity because he was improperly joined to defeat the court's diversity jurisdiction.

Plaintiffs assert a claim for negligence against Defendants.  Mrs. McCarty contends that, as a result of an unrelated incident in August 2013, she sustained serious injuries to her heel.  Shortly after leaving the hospital for her heel injury, she patronized Houston's Restaurant ("Houston's") with her husband Mr. McCarty on February 16, 2014.  At this time, she was on crutches.  On her way to the bathroom, one of her crutches slid on the tile, and she fell.  Mrs. McCarty alleges that she broke her hip and dislocated her femur, and she was unable to fully rehabilitate her hip because of her injured heel.

## II.    Plaintiffs' Motion to Remand

### A.    Legal Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc).  In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 571 n.1.  Accordingly, the court uses the term "improper joinder" in this opinion.  As the party wishing to invoke federal jurisdiction by alleging improper joinder, Defendants have the burden to establish that Beard was joined by Plaintiffs to defeat federal jurisdiction.  *Id*. at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir.2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.2003) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir.2000).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir.1999)). Since Defendants do not assert fraud on the part of Plaintiffs, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder ." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir.1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir.2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a

defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995).

**B.     Analysis**

Defendants contend that Plaintiffs improperly joined Beard, because "[t]hough styled as a common negligence case, Plaintiffs have in fact alleged a premise case." Notice of Removal (Doc. 1) 4. Plaintiffs contend that they properly asserted a claim against Beard. They argue that the negligent-activity theory applies to Beard, and, in the alternative, they argue that Beard is liable under a premises liability claim. The court notes that Plaintiffs' Original Petition ("Petition") alleges one cause of action against Defendants, negligence, and it does not include any alternative claims. Even so, the court determines that Plaintiffs have no basis for recovery against Beard, whether they proceed under a negligent activity theory or a premises liability theory. The court first considers whether negligent activity is viable theory under which Plaintiffs can proceed against Beard and, next, addresses whether Plaintiffs have any possibility of recovery against Beard under a premises liability theory of negligence.

### 1.    Whether Plaintiffs Stated a Claim for Negligent Activity

The court determines that Plaintiffs' allegations support a claim for premises liability and not for negligent activity. "If the plaintiff was injured by a condition created by the activity rather than the activity itself, the plaintiff is limited to the premises liability theory of recovery." *Torres v. Hobby Lobby Stores, Inc.*, No. 13-187, 2013 WL 6157916, at *7 (W.D. Tex. Nov. 22, 2013) (citing *Lucas v. Titus County Hosp. Dist.*, 964 S.W.2d 144, 153 (Tex. App.  Texarkana 1998, no pet. denied)); *see also Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992) (determining that plaintiff's claim that she slipped as a result of an oily substance that a Kroger employee sprayed on the floor earlier that day was a premises liability claim).  Otherwise stated, when the injury arises from a condition of the premise and not an ongoing activity, the plaintiff has asserted a claim for premises liability and not one for negligent activity. *See Wal-Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 747 (Tex. App.  San Antonio 1998, no pet.) ("[Plaintiff's] complaint is not that he was injured by an ongoing activity. Instead, he complains of the dangerous condition of the premises    a sharp blade left on a parking lot. What [plaintiff] attempted to prove was that employees who should have discovered the blade and picked it up did not do so. Thus . . . he has, in fact, alleged premises liability."); *see also Austin v. Kroger LP*, 746 F.3d 191,197 (5th Cir. 2014) (determining that an employee of Kroger who fell while cleaning a spill at Kroger could not "pursue both a negligent activity and a premises defect theory of recovery based on the same injury" and that his claim was one for premises liability).

Plaintiffs' Petition asserts a claim for premises liability, as Plaintiffs' allegations relate to an allegedly dangerous condition on the property, mainly a "sticky and greasy" substance on the floor. Plaintiffs contend that their Petition alleges ongoing activities, such as Beard's failure to maintain

a work area and failure to properly train and supervise employees; however, "[a]t some point, almost every artificial condition can be said to have been created by an activity," and the court will not "eliminate all distinction between premises conditions and negligent activities." *Keetch*, 845 S.W.2d at 264; *see also Mangham v. TMCA of Austin, Texas-Hays Communities*, 408 S.W.3d 923, 929 (Tex. App.   Austin 2013, no pet.) ("[Plaintiff's] allegations about the [the defendant's] omission of instruction about set-up or use of the step and the step's 200-pound weight limitation are not complaints about [defendant's] ongoing activity.").

Additionally, Plaintiffs' allegations regarding Defendants' failure to maintain the premises or train employees involve nonfeasance, and "premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (holding that a failure to properly use security resources was properly submitted to the jury on a premises liability theory and not a negligent activity theory) (footnote omitted); *see also Brawhaw v. Kroger Co.*, 09-1373, 2010 WL 3703850, at *2-3 (N.D. Tex. Sept. 22, 2010) (determining that the plaintiff's claim was one of premises liability because his "claims [arose] from Kroger's alleged failure to prevent a harm to him caused by an alleged condition of water on the floor"). Negligent activity, on the other hand, "encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury." *Id.*

Plaintiffs only assert facts relating to Defendants' alleged omissions, and they do not allege any affirmative conduct on the part of Defendants. The entirety of their Petition alleges that Defendants:

Fail[ed] to provide a safe area to get to the restaurant's bathroom;

Fail[ed] to properly maintain the work area outside of the kitchen;

Fail[ed] to properly train and supervise employees charged with maintaining the work area outside of the kitchen;

Fail[ed] to properly warn individuals of the dangerous condition created by the Defendants and their employees;

Fail[ed] to place proper warning signs such as "slippery when wet" on or around the work area outside of the kitchen;

Fail[ed] to properly safe guard individuals from the dangerous condition presented by Defendants and their employees.

Pls.' Orig. Pet. 6. Since Plaintiffs have not asserted any facts relating to Defendants' *affirmative, contemporaneous* conduct, the court determines that they have not asserted a claim for negligence based upon negligent activity. As a result, Plaintiffs' claim is one of premises liability. In light of this determination, the court now considers whether Plaintiffs have any possibility of recovery against Beard under a premises liability theory.

### 2.    Whether Plaintiffs have any Possibility of Recovery Against Beard

The court determines that Plaintiffs do not have a possibility of recovery against Beard under a premises liability theory. Under a premises liability theory, Beard is liable only if he owed Plaintiffs an independent duty. *See Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) ("[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.") (quotation marks and footnote omitted).

"[S]tore managers do not have an independent duty to customers solely by virtue of their managerial position such as to make them liable in premise liability." *Torres*, 2013 WL 6157916 at *4 (citations omitted); *see also McKinney v. Home Depot, USA, Inc.*, No. 06-327, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (holding that the plaintiff improperly joined a manager for Home Depot because the plaintiff's allegations that the manager failed to train or monitor employees

did not constitute an independent duty to support the manager's individual liability).  As a result, Beard, a manager at the Houston's restaurant that Plaintiffs patronized, is only liable to the Plaintiffs for his own negligence.  *See Tri*, 162 S.W.3d at 562 ("[A] negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation.").

Plaintiffs' allegations relate to Beard's duties as a manager, and they do not allege any facts to support the inference that Beard owed them an independent duty.  This is further evidenced by Plaintiffs' failure to distinguish their allegations against Beard from their allegations against Hillstone, and, instead, they treat Defendants identically.  Thus, "the actions or inactions of [Beard] were actions or inactions within [his]  capacities as [manager]."  *Id.* (quotation marks and footnote omitted).  Accordingly, Plaintiffs have failed to state a claim against Beard and do not have a possible basis of recovery against him; thus, the court disregards Beard's citizenship in determining diversity of citizenship, determines that complete diversity of citizenship exists between the parties, and determines that it has subject matter jurisdiction to entertain this action.

In light of this analysis, the court determines that Beard was improperly joined.  Accordingly, remand is not proper and the court will deny Plaintiffs' Motion for Remand, as complete diversity of citizenship exists between Plaintiffs and Hillstone.  The court now turns its analysis to Defendant Ryan Beard's Rule 12(b)(6) Motion to Dismiss.

## III.    Beard's Motion to Dismiss

### A.      Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings

**Memorandum Opinion and Order - Page 10**

if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).   In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).   While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).   Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).   The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).   Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).   Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.    Analysis

In light of the court's determination that Plaintiffs improperly joined Beard, the court will grant Beard's motion to dismiss.  For the reasons explained in this opinion, Plaintiffs fail to state a claim for negligent activity against Beard, as they have not alleged that Defendants committed any affirmative, contemporaneous conduct, and they, likewise, fail to state a claim for premises liability against Beard, as they have not alleged any facts to support a conclusion that he owed them an independent duty.  Plaintiffs, however, request leave of court to amend "in the unlikely event that the court finds that Plaintiffs did not properly plead its [sic] cause of action."  Pls.' Resp. 9.  The court's scheduling order sets the deadline for amendment of pleadings for September 30, 2015.  *See* Scheduling Order (Doc. 16) 2.  Because the time to amend pleadings has not expired, the court will evaluate Plaintiffs' request to amend under Federal Rule of Evidence 15.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Because Plaintiffs have not amended their Petition, the court will allow them an opportunity to amend their pleadings.

**Memorandum Opinion and Order - Page 12**

IV.     **Conclusion**

For the reasons herein stated, the court **denies** Plaintiffs' Motion to Remand.  The court **grants** Defendant Ryan Beard's Rule 12(b)(6) Motion to Dismiss; however, the court **allows** Plaintiffs the opportunity to file an amended complaint.  Plaintiffs shall file an amended complaint **no later than September 2, 2015**.  Failure of Plaintiffs to amend in accordance with this order will result in dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), or dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 18th day of August, 2015.

Sam A. Lindsay
United States District Judge