IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAMELA MCCARTY AND NICK MCCARTY,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-518-L** |
| **HILLSTONE RESTAURANT GROUP d/b/a HOUSTON'S RESTAURANT AND RYAN BEARD,** | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Hillstone Restaurant Group's Rule 12(b)(6) Motion to Dismiss (Doc. 5), filed February 13, 2015. After careful consideration of the motions, pleadings, and applicable law, the court **grants** Defendant Hillstone Restaurant Group's Rule 12(b)(6) Motion to Dismiss (Doc. 5) and **allows** Plaintiffs an opportunity to amend their pleadings.

I.      **Procedural and Factual Background**

On December 1, 2014, Plaintiffs Pamela McCarty ("Mrs. McCarty") and Nick McCarty (Mr. McCarty") (collectively, "Plaintiffs") filed their Original Petition (Doc. 1) in the 191st Judicial District of Dallas County, Texas. On February 13, 2015, Defendants Hillstone Restaurant Group ("Hillstone") and Ryan Beard ("Beard") (collectively, "Defendants") removed this action to federal court on grounds that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Hillstone is a citizen of Delaware. Although Plaintiffs and Beard are citizens of Texas, Defendants contends that the court should

disregard Beard's citizenship in determining diversity because he was improperly joined to defeat the court's diversity jurisdiction.   In an opinion filed earlier today, the court determined that Plaintiffs improperly joined Beard, and, therefore, that complete diversity exists between the parties, and that it has subject matter jurisdiction to entertain this action.

Plaintiffs assert a claim for negligence against Defendants.   Mrs. McCarty contends that, as a result of an unrelated incident in August 2013, she sustained serious injuries to her heel.   Shortly after leaving the hospital for her heel injury, she patronized Houston's Restaurant ("Houston's") with her husband, Mr. McCarty, on February 16, 2014.   At this time, she was on crutches.   On her way to the bathroom, one of her crutches slid on the tile, and she fell.   Mrs. McCarty alleges that she broke her hip and dislocated her femur, and she was unable to fully rehabilitate her hip due to her injured heel.

## II.   Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).   A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.   Analysis

Hillstone contends that dismissal is proper because Plaintiffs' claim is one for premises liability and that they have failed to allege sufficient facts to support such a claim.  Plaintiffs contend that they have properly asserted a claim for negligent activity and that, even if they have not, they have alleged sufficient facts to support a premises liability claim.  The court evaluates each of these arguments in turn.

### A.    Whether Plaintiffs Stated a Claim for Negligent Activity

The court determines that Plaintiffs' allegations support a claim for premises liability and not for negligent activity. "If the plaintiff was injured by a condition created by the activity rather than

the activity itself, the plaintiff is limited to the premises liability theory of recovery." *Torres v. Hobby Lobby Stores, Inc.*, No. 13-187, 2013 WL 6157916, at *7 (W.D. Tex. Nov. 22, 2013) (citing *Lucas v. Titus County Hosp. Dist.*, 964 S.W.2d 144, 153 (Tex. App.    Texarkana 1998, pet. denied)); *see also Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992) (determining that plaintiff's claim that she slipped as a result of an oily substance that a Kroger employee sprayed on the floor earlier that day was a premises liability claim and that the lower court properly did not submit the negligent activity theory to the jury).  Otherwise stated, when the injury arises from a condition of the premises and not an ongoing activity, the plaintiff has asserted a claim for premises liability and not one for negligent activity. *See Wal-Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 747 (Tex. App.   San Antonio 1998, no pet.) ("[Plaintiff's] complaint is not that he was injured by an ongoing activity. Instead, he complains of the dangerous condition of the premises    a sharp blade left on a parking lot. What [plaintiff] attempted to prove was that employees who should have discovered the blade and picked it up did not do so. Thus . . . he has, in fact, alleged premises liability."); *see also Austin v. Kroger LP*, 746 F.3d 191,197 (5th Cir. 2014) (determining that an employee of Kroger who fell while cleaning a spill at Kroger could not "pursue both a negligent activity and a premises defect theory of recovery based on the same injury" and that his claim was one for premises liability).

Plaintiffs' Original Petition ("Petition") asserts a claim for premises liability, as Plaintiffs' allegations relate to a dangerous condition on the property, mainly a "sticky and greasy" substance on the floor. Plaintiffs contend that their Petition alleges ongoing activities, such as failure to maintain a work area and failure to properly train and supervise employees; however, "[a]t some point, almost every artificial condition can be said to have been created by an activity," and the court will not "eliminate all distinction between premises conditions and negligent activities." *Keetch*, 845

S.W.2d at 264; *see also Mangham v. TMCA of Austin, Texas-Hays Communities*, 408 S.W.3d 923, 929 (Tex. App.   Austin 2013, no pet.) ("[Plaintiff's] allegations about the [the defendant's] omission of instruction about set-up or use of the step and the step's 200-pound weight limitation are not complaints about [defendant's] ongoing activity.").

Additionally, Plaintiffs' allegations regarding Defendants' failure to maintain the premises or train employees is a claim for premises liability, because "premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (holding that a failure to properly use security resources was properly submitted to the jury on a premises-liability theory and not a negligent activity theory) (footnote omitted). Negligent activity, on the other hand, "encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury." *Id.*

Plaintiffs' Petition only asserts omissions and does not allege any affirmative conduct on the part of Defendants. The entirety of their Petition alleges that Defendants:

Fail[ed] to provide a safe area to get to the restaurant's bathroom;

Fail[ed] to properly maintain the work area outside of the kitchen;

Fail[ed] to properly train and supervise employees charged with maintaining the work area outside of the kitchen;

Fail[ed] to properly warn individuals of the dangerous condition created by the Defendants and their employees;

Fail[ed] to place proper warning signs such as "slippery when wet" on or around the work area outside of the kitchen;

Fail[ed] to properly safe guard individuals from the dangerous condition presented by Defendants and their employees.

Pls.' Orig. Pet. 6.  Since Plaintiffs have not asserted any facts relating to Defendants' *affirmative, contemporaneous* conduct to cause her injury, the court determines that they have not asserted a claim for negligence based on the negligent activity theory of liability, and they have asserted only a claim for premises liability against Defendants.  In light of this determination, the court now considers whether Plaintiffs have alleged sufficient facts to support their claim for premises liability against Hillstone.

### B.      Whether Plaintiffs Stated a Claim for Premises Liability

The court determines that Plaintiffs have not alleged sufficient facts to support a claim for premises liability.  The elements of a premises liability claim are:

> (1) [a]ctual or constructive knowledge of a condition on the premises by the owner or occupier; (2)[t]hat the condition posed an unreasonable risk of harm; (3)[t]hat the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4)[t]hat the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex.2000) (citations omitted).

Plaintiffs allege that Mrs. McCarty slipped on the tile floor outside of the kitchen, an area they contend customers must traverse to enter the bathroom.  They further allege that the floor was sticky and greasy and that Mrs. McCarty sustained serious hip injuries as a result of the fall.  Plaintiffs contend that Defendants were negligent in "allowing patrons to traverse such an unsafe area due to the Defendants' neglect of properly maintaining the condition of the floor or ensuring that their employees cleaned the floor after each and every spill."  Pls.' Orig. Petition ¶ 4.10.  Plaintiffs, however, fail to allege facts regarding Hillstone's actual or constructive knowledge of the

condition on the premise or the reasonable care exercised by Hillstone to reduce or eliminate the risk. In light of these omissions, even when the court views the facts in the light most favorable to them, Plaintiffs fail to state a claim upon which relief can be granted against Hillstone.

Plaintiffs request leave of court to amend "in the unlikely event that the court finds that Plaintiffs did not properly plead its [sic] cause of action." Pls.' Resp. 9. The court's scheduling order sets the deadline for amendment of pleadings for September 30, 2015. *See* Scheduling Order (Doc. 16) 2. Because the time to amend pleadings has not expired and does not require modification of the court's scheduling order, the court will evaluate Plaintiffs' request to amend under Federal Rule of Evidence 15.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Because Plaintiffs have not amended their Original Petition, the court will allow them an opportunity to amend their pleadings.

IV.     **Conclusion**

For the reasons herein stated, the court **grants** Defendant Hillstone Restaurant Group's Rule 12(b)(6) Motion to Dismiss (Doc. 5); however, the court **allows** Plaintiffs the opportunity to file an amended complaint.  Plaintiffs shall file an amended complaint **no later than September 2, 2015**. Failure of Plaintiffs to amend in accordance with this order will result in dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), or dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 19th day of August, 2015.

Sam A. Lindsay
United States District Judge