IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA MCCARTY and NICK MCCARTY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-518-L** |
| HILLSTONE RESTAURANT GROUP, INC. d/b/a Houston's Restaurant, | § § § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant Hillstone Restaurant Group's Rule 12[c] Motion for Judgment on the Pleadings [Doc. No. 27], filed September 4, 2015. After careful consideration of the parties' filings, the record, and applicable law, the court **denies** Defendant Hillstone Restaurant Group's Rule 12[c] Motion for Judgment on the Pleadings.

## I.   Procedural Background

Pamela McCarty and Nick McCarty ("Plaintiffs" or "the McCartys") originally filed this action in the 191st Judicial District Court of Dallas County, Texas, on December 1, 2014, against Hillstone Restaurants Group ("Hillstone" or "Defendant") and Ryan Beard ("Beard"). On August 26, 2015, pursuant to court order, the McCartys filed Plaintiffs' First Amended Complaint ("Amended Complaint"). The Amended Complaint did not name Beard as a party. Accordingly, Beard is no longer a party to this action.

In the Amended Complaint, the McCartys assert a claim for premises liability against Hillstone as a result of injuries allegedly suffered by Mrs. McCarty from a fall that occurred on February 16, 2014, at a Houston's restaurant. On February 13, 2015, Hillstone and Beard filed

**Memorandum Opinion and Order – Page 1**

Defendants' Notice of Removal, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. The court denied Plaintiffs' Motion to Remand on August 18, 2015.

## II.     Rule 12(c) - Standard for Judgment on the Pleadings

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id*. (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id*. at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v.*

**Memorandum Opinion and Order – Page 2**

*Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429,

**Memorandum Opinion and Order – Page 3**

431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."'  *Funk v. Stryker Corporation*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*.  R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a

plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.   Analysis

### A.   Plaintiffs' Amended Complaint

The McCartys assert a claim for premises liability against Hillstone in the Amended Complaint. Hillstone contends that the allegations of the Amended Complaint are insufficient to state a claim for premises liability and that the Amended Complaint should be dismissed. In their Amended Complaint, Plaintiffs refer to an injury Mrs. McCarty suffered in California in August 2013 when she fell from a ladder and "shattered" her heel. The court mentions this incident for purposes of background information only, as it has no bearing as to whether the McCartys have sufficiently pleaded a claim for premises liability.

The factual allegations pertaining to the claim for premises liability are as follows:

> 2.02   Shortly after one of the hospital stays relating to her heel, on February 16, 2014, Mrs. McCarty and her husband went to dinner at Houston's Restaurant ("Houston's") with another married couple. Since her accident in August[] 2013, Mrs. McCarty rarely went out to public places because her physical limitations controlled everything she did. However, to celebrate her birthday, Mrs. McCarty ventured to Houston's with her husband and friends. On the night of the accident, Mrs. McCarty was on crutches.
>
> 2.03   Upon information and belief, Defendant Hillstone Restaurant Group, Inc. was the owner/operator of Houston's at the time of the incident made the basis of this suit. Defendant had extended an open invitation to the public, including the Plaintiffs, to enter the premises by operating a restaurant at the location.
>
> 2.04   At the time of the incident, Plaintiffs were invitees who entered Houston's with Defendant Hillstone Restaurant Group, Inc.'s knowledge and for their mutual benefit.
>
> 2.05   At some point after dinner, Mrs. McCarty needed to visit the restroom. On her way to the restroom, Mrs. McCarty was making her way past the kitchen when one of her crutches slipped on the tile causing her to fall.

**Memorandum Opinion and Order – Page 5**

2.06    The tile floor outside the kitchen, which one must traverse in order to get to the restroom, was sticky, slick and greasy and caused Mrs. McCarty's crutch to slip from underneath her. Mrs. McCarty fell hard on her left side, which was the same side as her bad foot. After her fall, Mrs. McCarty was physically contorted and could not move. She was in excruciating pain.

2.07    Additionally, one of the witnesses who came to Mrs. McCarty's aid after the accident saw water or other liquid splattered across the tile floor outside the kitchen that were consistent with water or other liquid sloshing off of the wait staff's drink trays.

2.08    Someone called EMS and, after their arrival and initial treatment, EMS transported Mrs. McCarty to Baylor Plano. She had a broken hip and underwent emergency surgery to repair her dislocated broken femur. Mrs. McCarty has incurred medical bills relating to the hip injury, her surgery and rehabilitation, to the extent she was able to undergo rehabilitation efforts. Mrs. McCarty could not properly or fully rehabilitate her broken hip because of her injured foot.

. . .

2.11    Mrs. McCarty's fall at Houston's caused serious bodily injury, requiring that she seek significant and continuing medical care. Plaintiffs' medical expenses are in the hundreds of thousands of dollars and continue to increase as a result of her continuing care.

2.12    Mrs. McCarty is unable to perform household services and to administer to the needs of Mr. McCarty and their family. Further, her injury has led to loss of consortium in Mr. and Mrs. McCarty's marriage.

2.13    The condition of the tile floor outside the kitchen, which one must traverse to get to the restroom, posed an unreasonable risk of harm. Defendant Hillstone Restaurant Group, Inc. created and/or knew or should have known of the condition of the tile floor outside of the kitchen and the danger it presented to its patrons. Defendant Hillstone Restaurant Group, Inc.'s managers, employees, and/or wait staff repeatedly and constantly traversed the tile floor outside of the kitchen to get to and from the kitchen to the tables with patrons' food and drinks.

2.14    Defendant Hillstone Restaurant Group, Inc. breached its duty of ordinary care by creating a dangerous condition and/or failing to warn the public, and specifically Plaintiffs, of the dangerous condition and failing to make such condition reasonably safe.

2.15    Mr. and Mrs. McCarty bring this action against Defendant to recover for the damages set forth below which resulted from Defendant's failure to take

adequate measures to ensure a safe area for patrons to traverse on their way to the restroom.

. . .

   3.02   Premises liability requires a showing that: (1) the owner/operator had actual or constructive knowledge of some condition on the premises, (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. (citation omitted).

   3.03   As shown above, Defendant owned and operated Houston's. Defendant had actual or constructive knowledge of the condition of the tile floor outside its kitchen, which one must traverse in order to get to the restroom. Such tile floor presented a dangerous condition and posed an unreasonable risk of harm for the public, and specifically for Plaintiffs. Specifically, the tile floor outside of the kitchen was sticky and greasy.

   3.04   Restaurants should have safe facilities for their customers, and Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant failed in this regard. By knowingly allowing an area that patrons had to traverse to be maintained in such a dangerous condition, Defendant subjected Plaintiff, and all other invitees, to a condition that posed an unreasonable risk of harm.

   3.05   Defendant breached its duty of ordinary care in, *inter alia*, the following ways:

    a.    Failing to provide a safe area to get to the restaurant's restrooms;

    b.    Failing to properly maintain the work area outside of the kitchen;

    c.    Failing to properly train and supervise employees charged with maintaining the work area outside of the kitchen;

    d.    Failing to properly warn individuals of the dangerous condition created by the Defendants and their employees;

    e.    Failing to place proper warning signs such as "slippery when wet" on or around the work area outside of the kitchen; and

    f.    Failing to properly safeguard individuals from the dangerous condition presented by Defendants and their employees; and/or

    g.    Creating a dangerous/hazardous condition [ ] and failing to adequately warn or otherwise protect Plaintiffs from such condition.

>    3.06    Defendant's breach of its duty of ordinary care, including, *inter alia*, the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiffs' injuries and damages which are described below.

Pls.' First Am. Compl. ¶¶ 2.02-2.08, 2.11-2.15, 3.02-3.06.

### B.     Discussion

The elements of a premises liability claim are:

> (1) [a]ctual or constructive knowledge of a condition on the premises by the owner or occupier; (2)[t]hat the condition posed an unreasonable risk of harm; (3)[t]hat the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4)[t]hat the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted).  In a previous opinion, the court held that Plaintiffs' Original Petition did not allege sufficient facts regarding Hillstone's actual or constructive knowledge of the condition of the premises or the reasonable care exercised by Hillstone to reduce or make safe the alleged risk, and it ordered Plaintiffs to replead to correct these deficiencies or omissions.  Hillstone contends that the Amended Complaint fails to allege sufficient facts to support a claim for premises liability.  Specifically, Hillstone contends that the McCartys have failed to allege facts: (1) showing that it had actual or constructive knowledge of the allegedly dangerous or unsafe condition; (2) showing that the condition created or posed an unreasonable risk of harm; (3) demonstrating that it failed to use reasonable care to eliminate or reduce the risk of harm; and (4) showing that its lack of care caused their injury.  The court disagrees.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema,*

**Memorandum Opinion and Order – Page 8**

*N.A.*, 534 U.S. 506, 513 (2002). No heightened pleading exception applies in this action. The court interprets *Swierkiewicz, Twombly, Iqbal*, and Rule 8 to require that a pleading set forth the allegations in sufficient detail to provide fair notice of the nature of the claim and that the right to relief be "above the speculative level." In other words, the pleader must set forth "enough facts to state a claim to relief that is plausible on its face," which means that a claim must be more than merely "conceivable." *Twombly*, 550 U.S. at 570.

In deciding whether a claim has been sufficiently pleaded, a court does not abandon common sense and reason. The court has painstakingly reviewed the Amended Complaint and is convinced that the McCartys have set forth sufficient allegations from which it can draw the reasonable inference that Hillstone is liable for the injury alleged. In other words, the court can reasonably infer from the allegations in the Amended Complaint that more than a mere possibility exists to show wrongful conduct by Hillstone as to the claim asserted. The factual allegations of the Amended Complaint allow the court to make a reasonable inference that each of the elements of a premises liability claims has been sufficiently pleaded. A pleader is not required to allege each and every fact that may be relevant to his or her claim. Such a requirement would necessarily run counter to the pleading standard contemplated under Rule 8.

A Rule 12(c) motion only tests the adequacy of the pleadings. As stated before, matters of proof or evidence are not to be considered by the court; thus, a plaintiff is not required to prove his or her claim at this stage of the litigation. "Rule 8 establishes a pleading standard without regard to whether a claim will succeed on the merits." *Swierkiewicz*, 534 U.S. at 514. If Hillstone believes that proof is lacking as to any of the elements necessary for Plaintiffs to prevail on a claim for premises liability, it must address the matter by way of summary judgment. Further, any

**Memorandum Opinion and Order – Page 9**

concerns that Hillstone has regarding more detailed facts about Mrs. McCarty's fall and injuries may be obtained through the discovery process. *See id.* at 512.

## IV.    Conclusion

For the reasons herein stated, the court concludes that the McCartys have sufficiently pleaded a premises liability claim. Accordingly, the court **denies** Defendant Hillstone Restaurant Group's Rule 12([c]) Motion for Judgment on the Pleadings.

**It is so ordered** this 12th day of November, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge